## In re McCARTHY.

(District Court, S. D. New York. June 7, 1909.)

BANKRUPTCY (§ 413*)—DISCHARGE—SUFFICIENCY OF SPECIFICATIONS IN OPPOSITION.

Where specifications of objection to the discharge of a bankrupt wholly fail to state any statutory ground for the refusal of a discharge, their insufficiency is not waived by the bankrupt by failing to except thereto, and they may be disregarded.

[Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 413.*]

In Bankruptcy. On application for discharge.

This is a motion for discharge of the bankrupt upon the certificate of the referee acting as special master. The petition was originally filed before the referee, and, upon coming up before the court, Joseph F. Duffy appeared as objecting creditor and subsequently filed specifications. No objection was taken to these specifications before the court, and the matter was referred to the referee as special master. Upon the hearing, the special master reported that the specifications failed to state any grounds for refusal of the discharge of the bankrupt, that they should be dismissed and the discharge granted. No testimony was taken upon the hearing. The specifications were as follows:

"(1) The testimony taken before the referee, Hon. Peter B. Olney, is contradicting in a material sense, in that said bankrupt willfully conceals the amount of his assets in his business.

"(2) The alleged transaction between the bankrupt and one Elizabeth Fitzmorris, the mother-in-law of the bankrupt. He states that he borrowed $1,000 from her in 1906; the record of the bank shows that the money was taken out of the bank on May 6, 1904.

"(3) There are other discrepancies in bankrupt's testimony as to dates, and as to the fact of ownership in the business in which he states that he was the owner, yet he admits that he was doing business under the name of McCarthy Bros., and had an account in bank under that name.

"(4) That being the owner of said business and the license in the name of Michael McCarthy is in itself sufficient to show that the bankrupt's statements are untrue, under the laws of this state, as no license is granted to any one unless they are the owners of the business.

"(5) That said bankrupt further testified that Michael McCarthy had no interest in the business, did not participate in the profits or losses, and that the bank account in the name of McCarthy Bros. was simply an accommodation.

"(6) That on the whole the bankrupt's testimony is a series of contradictions and glaring improbabilities, and the application for a discharge should be dismissed."

George W. Gibbons, for John J. Duffy, a creditor.
Edward J. Dowling, for the bankrupt.

HAND, District Judge (after stating the facts as above). There is no express rule in this district by which defects in the form of specifications are waived by the bankrupt's failure to except or demur to them. Still, it is proper in most instances that the special master should disregard all defects in form to which the bankrupt has not excepted. If the specifications in the case at bar had stated anything which, by any construction whatever, would have come within the statute, I should have held that a failure to except waived any failure of form; but after reading them with a great deal of care, and construing them in the most benign sense possible, I cannot really under-

stand which of the statutory grounds, if any, the creditor means to assert. The nearest approach to an allegation of fact within any of the grounds set forth in section 14 is in subdivision 1 of the specifications. This may perhaps have meant that the bankrupt had committed an offense punishable by imprisonment, the offense in question being perjury upon his examination. The trouble is that this ground of objection is not set forth. The only statement is that the bankrupt's testimony is inconsistent and contradictory, and that is not only consonant with the innocence of the bankrupt, but is a characteristic of most testimony of any length whatever. I do not think, therefore, that even by the most liberal interpretation the first specification can be held to charge any offense under the act.

Therefore there was nothing before the learned referee, and the specifications were, in fact, a mere nullity. I suppose there must be a degree of meaningless verbiage which the bankrupt can afford to disregard altogether, and I do not think that by failing to except he must be ready before the referee to rebut any proof which the creditor may be then ready to adduce under the statute. The specifications in this case seem to me to be meaningless verbiage, and I think they have no weight in any stage of the proceeding.

The discharge is granted, with costs against the objecting creditor as found.